IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARCHIE TENNANT,                )
                               )
         Plaintiff,            )
                               )
v.                             )
                               )   Case No. 13-2143-EFM
MARK MILLER and                )
JOHN KETRON,                   )
                               )
         Defendants.           )
                               )

## MEMORANDUM AND ORDER

This matter is before the court on defendant Miller's motion to stay discovery (Doc. 17). Defendant Ketron joins in that motion (Doc. 21).[1] For the reasons set forth below, the motion shall be GRANTED.

### Background

Plaintiff claims he was convicted by the district court in Clark County, Kansas in the summer of 2012. He was taken into custody in Clark County and later transferred to the jail in Meade County. While he was incarcerated during the summer and early fall of 2012, he claims he was denied certain prescription medication. As a result of that denial, he contends he suffered a seizure and respiratory failure, resulting in hospitalization. Defendant Miller is the Meade County, Kansas Sheriff and defendant Ketron is the Clark

---

[1] Defendant Ketron's Response (Doc. 21) states that he "joins and adopts" defendant Miller's motion and memorandum in support. The court treats the motion to stay discovery as being asserted by both defendants.

County Sheriff. Plaintiff claims the denial of medication by defendants constitutes a denial of his Eighth Amendment right to be free from cruel and unusual punishment and a denial of due process. Plaintiff also asserts common law battery and outrage claims.

**Defendants' Motion to Stay Discovery (Doc. 17)**

Each defendant has filed a separate motion to dismiss, seeking dismissal based in part on qualified and Eleventh Amendment immunity.[2] Defendants now request a stay of discovery pending resolution of the fully-dispositive motions. Plaintiff opposes a stay, arguing that assertion of immunity does not automatically entitle the defendants to a stay of discovery.

A decision on whether to stay discovery rests in the sound discretion of the court.[3] Although the general policy of this district is to proceed with discovery despite pending dispositive motions,[4] there are recognized exceptions to this general rule. Most notable is the well-established exception when the party requesting stay has asserted absolute or qualified immunity in its dispositive motion.[5] A line of cases from both the United States Supreme Court and the Tenth Circuit Court of Appeals validates this exception.[6] As

---

[2] *See* Def. Miller's Mem. Supp., Doc. 16 at 20-27; Def. Ketron's Mem. Supp., Doc. 20, at 1 (incorporating arguments asserted by Miller).
[3] *See Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990); *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. 202*, 2006 WL 681124, at *1 (D. Kan. March 14, 2006).
[4] *Kutilek*, 132 F.R.D. at 297.
[5] *See, e.g.*, *Pfuetze v. Kansas*, 2010 WL 3718836, at *1 (D. Kan. Sept. 14, 2010); *Wedel v. Craig*, 2010 WL 2545974 (D. Kan., June 22, 2010); *Rubio* at *1.
[6] *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (noting that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses); *Behrens v. Pelletier*, 516 U.S. 299, 305-07 (1996) (holding that immunity is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the . . .

noted by the Tenth Circuit in *Workman v. Jordan*, "[d]iscovery should not be allowed until the court resolves the threshold question" of immunity.[7]

Relying upon the case of *Holroyd v. Dep't of Veterans Affairs*, plaintiff argues that defendants must prove they are likely to prevail on their dispositive motions in order for discovery to be properly stayed.[8] However, the issues in *Holroyd* are distinguishable because the motion to dismiss in that case was based on sovereign immunity, not absolute or qualified immunity.[9] Plaintiff also contends that defendants' claims of Eleventh Amendment immunity do not apply to county entities and that defendants are unlikely to prevail on their remaining defenses. The court declines to express any opinion concerning the merits of the parties' ultimate claims or defenses, because they are matters to be determined by the trial court.

As noted above, when immunity is asserted by dispositive motion, a stay of discovery is appropriate pending a ruling on the immunity issue. Here, discovery has not commenced and a Fed.R.Civ.P. 16(b) scheduling conference has not been held. Applying these standards, the court finds a stay of all proceedings in this matter is legally appropriate and economical in terms of time and effort for the court, counsel, and the litigants.

---

immunity question"); *Siegert v. Gilley,* 500 U.S. 226, 231–33 (1991) (noting, "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *Brush v. Rinne*, 1995 WL 638215, at *1 (10th Cir. 1995); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (holding that when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved).
[7] *Workman*, 958 F.2d at 336.
[8] Pl.'s Resp, Doc. 22 at 2 (citing *Holroyd v. Dep't of Veterans Affairs*, 2007 WL 1585846, at *1 (D. Kan. 2007)).
[9] *Holroyd*, 2007 WL 1585846, at *1.

**IT IS THEREFORE ORDERED** that defendants' motion to stay discovery **(Doc. 17)** is **GRANTED.** All discovery and scheduling deadlines are therefore stayed pending further order of the court.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of September, 2013.

        S/ Karen M. Humphreys
        KAREN M. HUMPHREYS
        United States Magistrate Judge