# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ARCHIE TENNANT,

    *Plaintiff,*

vs.

MARK MILLER and JOHN KETRON,

    *Defendants.*

Case No. 13-2143-EFM

## MEMORANDUM AND ORDER

This case comes before the court on defendants' motions to dismiss. (Docs. 15, 19). The motions have been fully briefed and are ripe for decision. Defendants' motions are granted for the reasons stated herein.

### I.     Factual and Procedural Background

In 2012, plaintiff Archie Tennant was sentenced to an unknown jail term by a district judge in Clark County, Kansas.[1] Plaintiff began serving his sentence in the Clark County jail and was then transferred to the Meade County jail. Defendant John Ketron is the sheriff of Clark County and defendant Mark Miller is the sheriff of Meade County.

---

[1] The complaint does not set forth specific facts concerning plaintiff's alleged crime and sentence.

Prior to his incarceration, plaintiff was prescribed Xanax and Oxycodone by his physician.[2] Plaintiff was denied his medication while incarcerated. At some point in time, and presumably while incarcerated at Meade County jail, plaintiff suffered a seizure and had to be revived. Plaintiff was hospitalized as a result of the seizure.

Plaintiff filed a complaint against defendants alleging violations of his Eighth and Fourteenth Amendment rights due to the refusal to administer medication and failing to provide a procedure to review a medical request. Additionally, plaintiff brings state law tort claims against defendants. Defendants move for dismissal on the basis that plaintiff's complaint fails to state a claim and that they are entitled to qualified immunity.

## II.  Legal Standard

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.[3] All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.[4] Conclusory allegations, however, have no bearing upon this court's consideration.[5] In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.[6]

---

[2] The medical reason for the medications is unknown.

[3] Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).

[4] Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008).

[5] Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007).

[6] Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III. Analysis

### A. Section 1983 Claims

When law enforcement officers abuse their power, suits against them allow those wronged an effective method of redress.[7] Pursuant to 42 U.S.C. section 1983, any person who "under color of . . . [law] . . . subjects, or causes to be subjected . . . any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 was enacted to provide protections to those persons wronged by the misuse of power. While the statute itself creates no substantive civil rights, it does provide an avenue through which civil rights can be redeemed.[8] To state a claim for relief in a section 1983 action, plaintiff must establish that he was (1) deprived of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed under color of state law.[9] There is no dispute that defendants were acting under color of state law.

#### 1. Eighth Amendment - Deliberate Indifference to Medical Needs

Plaintiff asserts that defendants violated his Eighth Amendment right to receive medical attention. A plaintiff states a cognizable Eighth Amendment claim for denial of medical attention if he "allege[s] acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[10] Deliberate indifference to a prisoner's serious medical

---

[7] See Anderson v. Creighton, 483 U.S. 635, 638 (1987) (citing Harlowe v. Fitzgerald, 457 U.S. 800, 814 (1982)).

[8] See Wilson v. Meeks, 52 F.3d 1547, 1552 (10th Cir. 1995).

[9] Am. Mfr's. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

[10] Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976).

needs encompasses two components.[11] First, there is an objective component, which requires that the medical need be sufficiently serious.[12] The objective component is met if the "harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth Amendment."[13] Due to the nature of plaintiff's injury and plaintiff's hospital stay, the court finds that plaintiff has stated a serious medical need.

The second part of the deliberate indifference test involves a subjective component. The question is whether the defendant had a sufficiently culpable state of mind.[14] The subjective component is satisfied if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he] must also draw the inference."[15]

In order to satisfy the subjective standard, plaintiff must show that defendants were deliberately indifferent to the specific risk of his injuries.[16] The subjective component is not satisfied in this case because plaintiff has failed to allege that defendants actually knew of and disregarded a substantial risk of harm to plaintiff's health or safety. Plaintiff has failed to allege that defendants were aware that plaintiff was facing a substantial risk of serious harm, that they personally saw plaintiff at any time, or that they had any personal involvement whatsoever with plaintiff's incarceration. The allegations do not address when plaintiff requested medication,

---

[11] Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005) (citing Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)).

[12] Id.

[13] Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009).

[14] Mata, 427 F.3d at 751 (citing Estelle, 429 U.S. at 106, 97 S. Ct. 285).

[15] Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)).

[16] Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009).

who he asked, what was said and who else was informed of his request. The conclusory allegation that "defendants were responsible for plaintiff's prescribed medication being withheld from him and did so intentionally" is not sufficient to state a claim.[17] Plaintiff must make clear in his complaint "who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him."[18] The complaint must allege personal participation by defendants in the denial of plaintiff's constitutional rights and it fails to do so.[19]

Therefore, defendants' motions to dismiss plaintiff's Eighth Amendment claims are granted.

**2. Due Process**

Next, plaintiff alleges that defendants violated his procedural due process rights under the Fourteenth Amendment by failing to provide a procedure to obtain his medication. "The first step in assessing a claimed procedural due process violation is to identify a constitutionally protected liberty or property interest. A liberty interest can either inhere in the Due Process clause or it may be created by state law."[20] "For state law to create a liberty interest, it must establish substantive predicates to govern official decisionmaking and mandate an outcome when relevant criteria have been met."[21] If a state policy "does not guarantee a particular substantive outcome, it does not confer a protected liberty interest."[22]

---

[17] (Doc. 1 at 2).

[18] Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008).

[19] Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).

[20] Elwell v. Byers, 699 F.3d 1208, 1213 (10th Cir. 2012) (quotations omitted).

[21] Id.

[22] Id.

Plaintiff identifies K.S.A. 19-1919 as creating a liberty interest in obtaining medical care. K.S.A. 19-1919 states that "all prisoners shall be treated with humanity." The statute does not guarantee a particular substantive outcome; therefore it does not create a liberty interest.

Defendants' motions to dismiss plaintiff's procedural Due Process claims are granted.[23]

**3. Official Capacity**

In addition to alleging claims against defendants in their personal capacity, plaintiff has also asserted section 1983 claims against defendants in their official capacity. Official capacity claims against a county sheriff are actually claims against the county itself.[24] In order to hold a county liable for an employee's constitutional violations, a plaintiff must show that a constitutional violation occurred and that some municipal policy or custom was the moving force behind the violation.[25] As discussed, plaintiff has not shown that a constitutional violation occurred. Moreover, plaintiff has not alleged the existence of a policy or custom which caused his injury.

Therefore, defendants' motions to dismiss plaintiff's section 1983 official capacity claims are granted.

---

[23] In his response brief, plaintiff contends that his Due Process claim is procedural and not substantive. His complaint, however, could be interpreted either way. Substantive Due Process claims concerning a refusal to receive medical care fall under the Eighth Amendment. Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). Viewing plaintiff's claims in a light most favorable to him, the court would dismiss plaintiff's substantive Due Process claims for the reasons discussed supra.

[24] **Error! Main Document Only.**See Moore v. Board of County Com'rs of County of Leavenworth, 470 F. Supp. 2d 1237, 1256 (D. Kan. 2007).

[25] Myers v. Oklahoma County Bd. of County Com'rs 151 F.3d 1313, 1320 (C.A.10 (Okla.),1998)

B. **State Law Claims**

Plaintiff additionally alleges state law claims of battery and intentional infliction of emotional distress against defendants.

1. **Battery**

In order to establish battery, plaintiff must allege that defendants touched or struck him "with the intent of bringing about either a contact, or an apprehension of contact that is harmful and offensive."[26] "The gravamen of a civil . . . assault [or] battery . . . is grounded upon the actor's intention to inflict injury."[27] Plaintiff's complaint completely lacks any allegation that either defendant came into contact with him or that defendants intended to inflict injury. Therefore, defendants' motions to dismiss plaintiff's battery claims are granted.

2. **Intentional Infliction of Emotional Distress**

"Kansas has set a very high standard for . . . the tort of outrage [intentional infliction of emotional distress]."[28] For a plaintiff to be successful, he must show: "1) [t]he conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe."[29] Plaintiff's allegations do not meet this high standard. Again, plaintiff has failed to allege any intentional conduct on behalf of defendants. The conclusory allegation that defendants' actions

---

[26] Wilson v. Meeks, 98 F.3d 1247, 1253 (10th Cir. 1996) (citing Kansas cases, quotation marks omitted).

[27] Smith v. Welch, 265 Kan. 868, 875 (1998).

[28] Kelly v. Bank Midwest, N.A., 161 F. Supp. 2d 1248, 1260 (D. Kan. 2001).

[29] Valadez v. Emmis Comm., 290 Kan. 472, 476 (2010).

were "intentional" is not sufficient.[30]  Plaintiff has also failed to allege any emotional distress as a result of his injury.   Therefore, this claim must also be dismissed against both defendants.

### 3. Official Capacity Claims

Defendants move to dismiss plaintiff's tort claims alleged against them in their official capacity on the basis of Eleventh Amendment immunity or, in the alternative, for failure to state a claim.  The court need not determine the contested issue of immunity, however, because plaintiff's allegations clearly fail to state a claim.  With respect to plaintiff's claim of battery, plaintiff has failed to allege that any county employee acted with intent to inflict injury.  Therefore, the county cannot be liable for battery.  Turning to the tort of intentional infliction of emotional distress, plaintiff has again failed to allege intentional conduct by a county employee and has also failed to allege that he suffered emotional distress.

Therefore, plaintiff's state law claims against defendants in their official capacity must be dismissed.

**IT IS ACCORDINGLY ORDERED** this 27th day of January, 2014, Defendants' Motions to Dismiss (Docs. 15, 19) are hereby **GRANTED**.

**IT IS SO ORDERED**.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[30] The complaint must plead sufficient facts, taken as true, to provide "plausible grounds" that discovery will reveal evidence to support the plaintiff's allegations. Twombly, 550 U.S. at 555.